**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ruth Griego, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 8657 |
| | ) | |
| LVNV Funding, LLC, a Delaware limited | ) | |
| liability company and Financial Recovery | ) | |
| Services, Inc., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ruth Griego, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Ruth Griego ("Griego"), is a citizen of the State of New Mexico, from whom Defendant attempted to collect a delinquent consumer debt owed for a Citibank/Sears credit card.  These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt, and was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4.     Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant LVNV is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors.

6.     Defendant, Financial Recovery Services, Inc. ("FRS"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant FRS was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Ms. Griego.

7.     Defendants are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Defendants conduct business in Illinois.

8.     Moreover, Defendants are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group

2

Exhibit B.  In fact, Defendants act debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.      Ms. Griego is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Citibank/Sears account.  At some point in time after that debt became delinquent, Defendant LVNV bought Ms. Griego's Citibank/Sears debt.  When Defendant LVNV began trying to collect this debt from her, by having another debt collector, Chicago, Illinois-based Leading Edge Recovery Solutions, ("LERS"), send her an initial collection letter, dated April 12, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of LERS's April 12, 2010 collection letter is attached as Exhibit C.

10.      Accordingly, on April 19, 2010, one of Ms. Griego's attorneys at LASPD informed Defendant LVNV in writing, through LERS, that Ms. Griego was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Griego was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.      Nonetheless, despite being advised that Ms. Griego was represented by counsel and refused to pay the debt, Defendant LVNV had Defendant FRS send Ms. Griego a collection letter, dated September 21, 2011, which demanded payment of the Citibank/Sears debt.  A copy of this collection letter is attached as Exhibit E.

12.      Accordingly, on November 30, 2011, Ms. Griego's attorneys at LASPD had to again inform Defendants, that it must cease collections and cease

3

communications.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Griego' agent/attorney, LASPD, told Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Ms. Griego was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Griego was represented by counsel, and had demanded a cessation of communications with Ms. Griego (Exhibit D).  By directly sending Ms. Griego a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ruth Griego, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Griego, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ruth Griego, demands trial by jury.

Ruth Griego,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  December 6, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com